UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

Hiram Lodge Enterprises Corp.

    v.                                          Civil No. 17-cv-462-JL
                                                Opinion No. 2018 DNH 022

TSN, LLC, d/b/a Asirvia and/or
Asirvia Proximity Marketing
Solutions, et al.

**MEMORANDUM ORDER**

Whether this breach of contract action remains in federal court turns on the specificity of the parties' agreed-to forum-selection clause. Plaintiff Hiram Lodge Enterprises Corp. brought this suit in Grafton County Superior Court, claiming that defendants Donald W. LaPlume, Jr., Kevin Marion, Donald Smith, and TSN, LLC, doing business as Asirvia and/or Asirvia Proximity Marketing Solutions (collectively "TSN"), breached an exclusive distribution agreement between Hiram Lodge and TSN. Hiram Lodge also brings several common-law and statutory claims arising from that relationship. TSN timely removed the action, citing this court's diversity jurisdiction under 28 U.S.C. § 1332(a). See 28 U.S.C. § 1441.

Conceding the parties' diversity and satisfaction of the amount-in-controversy requirement, Hiram Lodge moves to remand this action to the Superior Court in light of the forum-selection clause in the parties' agreement. Concluding that TSN

did not clearly waive its right to remove actions to this court through the forum-selection clause, the court denies Hiram Lodge's motion.

I.  **Applicable legal standard**

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). As the defendants observe in their notice of removal,[1] this court has subject-matter jurisdiction over this action under 28 U.S.C. § 1332 (diversity). The amount in controversy exceeds $75,000 and complete diversity exists between the parties. Specifically, the plaintiff is a Canadian

---

[1] At oral argument, Hiram Lodge suggested for the first time that the parties may not be diverse because defendant TSN maintains a principal place of business in New Hampshire. See Plaintiff's Mem. (doc. no 6) (premising remand motion solely on parties' agreement without challenging this court's subject-matter jurisdiction). As a limited liability company, however, TSN's citizenship is not governed by its place of incorporation and principal place of business, as a corporation's would be. See 28 U.S.C.§ 1332(c)(1). Rather, TSN is deemed to be a resident of the same state as each of its members. Pramco, LLC ex rel. CFSC Consortium, LLC v. San Juan Bay Marina, Inc., 435 F.3d 51, 54 (1st Cir. 2006). TSN's members are citizens of Vermont, Connecticut, and Maine, rendering TSN a resident of each of those states. See Notice of Removal (doc. no. 1) ¶ 8.

2

corporation with its principal place of business in Canada,[2] while the corporate defendant, TSN, is a Wyoming limited liability company, the individual members of which, who are also named as defendants in this action, are citizens of Vermont, Connecticut, and Maine.[3]

A forum-selection clause does not "divest a court of jurisdiction that it otherwise retains," but rather "merely constitutes a stipulation in which the parties join in asking the court to give effect to their agreement by declining to exercise its jurisdiction." Silva v. Encyclopedia Britannica Inc., 239 F.3d 385, 388 n.6 (1st Cir. 2001) (quoting LFC Lessors, Inc. v. Pac. Sewer Maint. Corp., 739 F.2d 4, 6 (1st Cir. 1984)). As such, "a forum selection clause mandating that disputes be resolved in state court operates as a waiver of the parties' removal rights under § 1441." Skydive Factory, Inc. v. Skydive Orange, Inc., 2013 DNH 33, 1 (McAuliffe, J.) (citing Karl Koch Erecting Co., Inc. v. New York Convention Ctr. Dev. Corp., 838 F.2d 656, 659 (2d Cir. 1988)).

Accordingly, "[w]hen the basis for removal jurisdiction is established and the issue of remand turns on the language of a forum selection clause," as it does here, "remand is only

---

[2] Compl. (doc. no. 1-1) ¶ 1.

[3] Notice of Removal (doc. no. 1) ¶ 8.

required where there is 'clear language indicating that jurisdiction and venue are appropriate exclusively in the designated forum.'" Wells Fargo Fin. Leasing, Inc. v. Tulley Auto. Grp., Inc., 2016 DNH 177, 5 (McCafferty, J.) (quoting Inhabitants of Fairfield v. Time Warner Cable Ne., LLC, No. 1:14-CV-495, 2015 WL 1565237, at *1 (D. Me. Apr. 8, 2015) (Levy, J.)). "The correct approach" is to "enforce the forum clause specifically unless" the party opposing its enforcement clearly demonstrates "that enforcement would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or overreaching." M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 15 (1972).

In determining whether to enforce the forum-selection clause and remand this action to the Superior Court, this court may consider not only the complaint, but also "documents the authenticity of which are not disputed by the parties, documents central to plaintiffs' claim, and documents sufficiently referred to in the complaint." Claudio-De León v. Sistema Universitario Ana G. Méndez, 775 F.3d 41, 46 (1st Cir. 2014) (internal quotations and citation omitted). The contract containing the forum-selection clause falls into all three of these categories.

4

## II. Background

Hiram Lodge, a Canadian corporation based out of Toronto, makes and sells Bluetooth-enabled wireless marketing devices called "Royaltie Gems."[4] On May 9, 2017, Hiram Lodge entered into an agreement with TSN, a limited liability company based in New Hampshire, under which TSN would be the sole distributor of its Royaltie Gems in the network marketing industry.[5] Hiram Lodge agreed to provide Royaltie Gems, as well as the associated software and services, to TSN under a private label brand called "Asirvia GO."[6]

The parties included a forum-selection clause in the agreement, which provides as follows:

> Each Party irrevocably and unconditionally agrees that it will not commence any action, litigation or proceeding of any kind whatsoever against the other Party in any way arising from or relating to this Agreement, including all exhibits, schedules, attachments and appendices attached to this Agreement, and all contemplated transactions, in any forum other than the courts of the State of New Hampshire, and any appellate court from any thereof. Each Party irrevocably and unconditionally submits to the exclusive Jurisdiction of such courts and agrees to bring any such action, litigation or proceeding only in courts sitting in the State of New Hampshire. Each Party agrees that a final judgment in any such action, litigation or proceeding is conclusive and may be

---

[4] Compl. (doc. no. 1-1) ¶ 1. The parties offer little explanation as to what these devices do or how they work, which appears immaterial to resolution of the pending motion.

[5] Compl. (doc. no. 1-1) ¶ 3.

[6] Id.

5

>enforced in other jurisdictions by suit on the
>judgment or in any other manner provided by law.[7]

The parties further agreed that "the laws of the State of New Hampshire" would govern the agreement.[8]

A mere four months after entering into the agreement, on September 14, 2017, TSN's counsel sent Hiram Lodge a letter purporting to terminate it "for cause, effective immediately, and indicating that TSN did not intend to meet its outstanding obligations pursuant to the Agreement."[9] Hiram Lodge alleges that this letter failed to comply with the agreement's terms, which provided Hiram Lodge a 300-day opportunity to cure any breach alleged by TSN.[10] In the meantime, Hiram Lodge alleges, TSN used Hiram Lodge's confidential and proprietary information -- learned under the terms of the agreement -- to develop a competing Bluetooth-enabled wireless marketing device, which it intended to market and sell as an alternative to, and in competition with, Royaltie Gems.[11]

Hiram Lodge filed this action after learning that TSN intended to launch its competing product between September 29

---

[7] Mot. to Remand Ex. 1 (doc. no. 6-1) ¶ 22.

[8] Id. ¶ 21.

[9] Compl. (doc. no. 1-1) ¶ 11.

[10] Id. ¶¶ 4, 11.

[11] Id. ¶¶ 10, 12.

and October 1, 2017.[12]  It sought and obtained from the Superior Court a temporary restraining order barring TSN from, among other things, launching or providing to customers its new, competing product.[13]  The Superior Court scheduled a hearing on Hiram Lodge's request for a preliminary injunction to be held October 5, 2017.  The day before that hearing, the defendants removed the action to this court.

III. **Analysis**

The parties agree that the forum-selection clause is valid and enforceable as between the parties to the contract.[14]  They further agree that the clause is exclusive in nature -- that is, that the parties agreed to commence any litigation arising from their agreement in their selected forum.[15]  They differ only in

---

[12] Id. ¶ 13.

[13] Ex Parte Order (doc. no. 1-1) ¶ 1.

[14] See also Obj. (doc. no. 11) at 4-5; Reply (doc. no. 18) (making no representation or argument to the contrary).  The parties confirmed this agreement at oral argument.

[15] Specifically, the parties agreed "irrevocably and unconditionally to submit to the exclusive [j]urisdiction" of their selected court, and "irrevocably and unconditionally" agree that they "will not commence any litigation or proceeding of any kind whatsoever against the other Party in any way arising from or relating to this Agreement . . . in any forum other than" the designated court.  Mot. to Remand Ex. 1 (doc. no. 6-1) ¶ 22 (emphasis added).  Such language typically renders a forum-selection clause mandatory.  See Summit Packaging Sys., Inc. v. Kenyon & Kenyon, 273 F.3d 9, 13 (1st Cir. 2001) ("[W]hen parties agree that they 'will submit' their dispute to a

7

the interpretation of precisely which forum they have selected, including whether they contemplated or precluded removal to this court.

In resolving this dispute, the court looks to "the specific language of the contract at issue." Silva, 239 F.3d at 388. The forum-selection clause raised in this action contains two sentences addressing the parties' jurisdictional agreement. Under the first, the parties agree that they "will not commence any action, litigation or proceeding . . . in any forum other than the courts of the State of New Hampshire . . . ."[16] Under the second, the parties "submit[] to the exclusive Jurisdiction of such courts and agree[] to bring any such action, litigation or proceeding only in courts sitting in the State of New Hampshire."[17] The parties' dispute arises from tension between these two sentences.

---

specified forum, they do so to the exclusion of all other forums.").

At oral argument, the parties confirmed that this forum-selection clause is mandatory. See also Plaintiff's Mem. (doc. no. 6) at 8-14 (seeking enforcement resulting in remand); Obj. (doc. no. 11) at 9 (conceding that agreement contains "a mandatory clause with relation to the commencement of any action," but permits removal).

[16] Mot. to Remand Ex. 1 (doc. no. 6-1) ¶ 22 (emphasis added).

[17] Id. (emphasis added).

> Courts often invoke a
>> widely-accepted rule that forum selection clauses that use the term 'in [a state]' express the parties' intent as a matter of geography, permitting jurisdiction in both the state and federal courts of the named state, whereas forum selection clauses that use the term 'of [a state]' connote sovereignty, limiting jurisdiction over the parties' dispute to the state courts of the named state.

FindWhere Holdings, Inc. v. Sys. Env't Optimization, LLC, 626 F.3d 752, 755 (4th Cir. 2010). The First Circuit Court of Appeals has rejected any "general rule for forum-selection clauses," Silva, 239 F.3d at 388, but its decisions follow a similar tack with respect to forum-selection clauses that use the term "courts <u>of</u> [a state]." For example, in LFC Lessors, the parties agreed that their contract would "be interpreted, and the rights and liabilities of the parties hereto determined, in accordance with the law, and in the courts, of the Commonwealth of Massachusetts." 739 F.2d at 7. The Court of Appeals concluded that, in that context, the parties intended the word "of" to "restrict the meaning of both 'law' and 'courts' to those that trace their origin to the state," with the result that "all actions on this contract must be brought in the Massachusetts state courts." Id. It has similarly interpreted an agreement "to submit to the jurisdiction of the courts of the Commonwealth of Puerto Rico" as "an affirmative conferral of personal jurisdiction by consent" to the courts of

9

the Commonwealth, rather than "a negative exclusion of jurisdiction in other courts," including the federal court to which the action was removed.[18] Autoridad de Energía Eléctrica de Puerto Rico v. Ericsson Inc., 201 F.3d 15, 18-19 (1st Cir. 2000). See also, e.g., Fornaro v. RMC/Res. Mgmt. Co., 201 Fed. App'x 783, 784 (1st Cir. 2006) (unpublished decision) (phrase "courts of Carroll County, New Hampshire" meant "the courts that trace their origin to the state, i.e., the Carroll County, New Hampshire state courts . . . .").

Here, the parties' agreement contains one sentence that appears to connote sovereignty ("the courts of the State of New Hampshire") and one that, by its plain language, clearly connotes geography ("courts sitting in the State of New Hampshire"). If the sovereignty-connoting sentence stood alone, the court would be compelled by the decisions discussed above to conclude that the parties intended to limit themselves to New Hampshire's state courts. However, the inclusion of the geography-connoting sentence renders the phrase "courts of the

---

[18] In Skydive Factory, a decision relied on heavily by the plaintiff, Judge McAuliffe concluded that a forum-selection clause with even more specific language -- that lawsuits would "be filed in Strafford County, the State Courts of New Hampshire" -- conferred exclusive jurisdiction in New Hampshire's state courts. 2013 DNH 33, 3-5. The parties here might likewise have specified "the State Courts of New Hampshire." They did not.

State of New Hampshire" ambiguous.  Insofar as the parties contemplated commencing actions in courts <u>sitting in</u> New Hampshire, which would include this court, as well as the courts of the State of New Hampshire, which otherwise would not, this court cannot conclude that the forum-selection clause includes "clear language indicating that jurisdiction and venue are appropriate exclusively" in New Hampshire's state courts. [Tulley Auto. Grp., 2016 DNH 177, 5](). Under this interpretation of the forum-selection clause, the court likewise cannot conclude that TSN has clearly waived its right to removal under [28 U.S.C. § 1441]().[19]

## IV.  **Conclusion**

Because the parties' agreed-to forum-selection clause does not clearly preclude litigating actions arising from their

---

[19] The court is unpersuaded by TSN's attempt to distinguish the two different sentences on the basis that the former prohibits "commenc[ing]" an action in any forum other than that selected, and the latter prohibits "bring[ing]" an action in any other forums.  See Obj. (doc. no. [11]()) at 6-7, 9.  In the context of this clause, the two words are synonymous, connoting the inception of a lawsuit.

Nor is the court convinced that an agreement to "bring" or "commence" a lawsuit in a particular court implies that the parties necessarily contemplated allowing for removal following the inception of the case.  As Judge McAuliffe has observed, agreements to "file," "bring," or "commence" a suit in a given court "were not meant to require a meaningless ministerial act, but implicitly (and consistently with the obvious intention of the parties) require adjudication in" the court selected. [Skydive Factory, 2013 DNH 33, 5]().

agreement in this court, it DENIES the plaintiff's motion to remand this action.[20]

**SO ORDERED.**

_____
Joseph N. Laplante
United States District Judge

Dated: February 1, 2018

cc: Frank J. Cimler, Jr., Esq.
Lisa DeBrosse Johnson, Esq.
Michael J. Tierney, Esq.

---

[20] Document no. 5.